J. A32014/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.C., A MINOR | : | |
| | : | No. 1785 EDA 2016 |

Appeal from the Order Entered May 12, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-DP-0000019-2015
FID: NO. 15-FN-000010-2015

BEFORE: DUBOW, RANSOM AND PLATT, [*] JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 10, 2017**

Appellant, Jeremiah F. Kane, Esq. ("Attorney Kane"), appeals the May 12, 2016 Order entered in the Court of Common Pleas of Chester County that denied Attorney Kane's Challenge to the Hearing Officer's Recommendation and vacated his appointment as Guardian Ad Litem ("GAL") in a dependency proceeding. After careful review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. In sum, on March 16, 2015, the Chester County Department of Children, Youth, and Families ("Agency"), filed a Dependency Petition alleging that T.C. ("Child") was truant. The trial court

---

[*] Retired Senior Judge Assigned to the Superior Court.

had previously appointed Attorney Kane to be both the Child's attorney and the Child's GAL. Order, dated 3/13/15. On April 14, 2015, the trial court adjudicated the Child dependent due to the Child's truancy. *See* 42 Pa.C.S. § 6302. At that time, the Child was sixteen years old and pregnant with her second child. During this proceeding, Attorney Kane represented the Child in a dual role as the Child's attorney and GAL.

On April 20, 2015, Attorney Kane motioned the trial court to appoint an attorney for the Child due to a conflict of interest – the Child wanted to remain at home and Attorney Kane believed it was in the Child's best interest for the Agency to place the Child outside of her home.[1] *See* Motion, dated 4/20/15. On April 24, 2015, the trial court retained Attorney Kane as the Child's GAL and appointed Gabriel Preston, Esq. ("Attorney Preston"), to represent the Child as her attorney.[2] *See* Order, dated 4/24/15.

In May of 2015, the Agency placed the Child at Pinkney's Vineyard of Faith Ministries Home ("PVFM") for pregnant teens and mothers.

On February 22, 2016, a hearing officer conducted a permanency review hearing. At the time of the hearing, the Child was still placed at PVFM; her youngest child lived with her and her oldest child did not. Attorney Kane argued that the Child should stay in placement and that her

---

[1] This Motion is dated April 20, 2015, but was not docketed until May 4, 2015.

[2] This Order is dated April 24, 2015, but was not docketed until May 4, 2015.

oldest child should come to live with her in placement. Attorney Preston advocated for the Child to return home.

At the end of the hearing, Attorney Preston argued that the Child did not need both a GAL and an attorney. N.T. Hearing, 2/22/16, at 65. Attorney Kane maintained that both the GAL and attorney were necessary because they were advocating for different things. *Id.*

The hearing officer stated on the record, "I'm going to vacate the GAL, counsel to remain[.]" *Id.*

On March 3, 2016, the trial court accepted the hearing officer's recommendations and entered an Order, *inter alia*, removing Attorney Kane as the Child's GAL and ordering Attorney Preston to remain as the Child's attorney. On March 7, 2016, Attorney Kane filed a Challenge to the Recommendation Vacating the GAL ("Challenge"). On March 10, 2016, the trial court denied Attorney Kane's Challenge as untimely pursuant to Pa.R.J.C.P. 1191(C). On March 18, 2016, Attorney Kane filed a Motion for Reconsideration. On April 21, 2016, the trial court held a hearing addressing Attorney Kane's Challenge and on May 12, 2016, the trial court denied the Motion for Reconsideration.

Attorney Kane appealed his removal as the Child's GAL. Both Attorney Kane and the trial court complied with Pa.R.A.P. 1925.

Attorney Kane raises the following issues on appeal:

1. Even if the optional remedy of requesting the Judge to find error with the Master's Recommendations was properly found to be

untimely, did the [t]rial [c]ourt abuse its discretion and err in removing [Attorney Kane] as the [GAL] in the [Child]'s Dependency matter, without notice or written motion from the party requesting said action and without any statutory authority for the [c]ourt to remove a [GAL] leaving her only represented by her attorney thereby leaving no one to advocate for the best interests of the [Child?]

2. Did the [t]rial [c]ourt abuse its discretion and err in dismissing the Child's Motion/Challenge to Master's Findings and Recommendations based on untimeliness as Kane, in fact, complied with the three (3) day time period to file under the requirements of Pa.R.J.C.P. 1191 and in light of the fact that there was no entry on the docket that the Recommendation was ever served on Kane and that no 231 Pa. Code Rule 236(b) notice was given and, as a result, the three day period for him to challenge the Master's findings and Recommendations never began?

Attorney Kane's Brief at 6 (reordered for ease of disposition).

We review a trial court's decisions in a child dependency proceeding for an abuse of discretion. *In re E.P.*, 841 A.2d 128, 131 (Pa. Super. 2003). "We must accept the facts as found by the trial court unless they are not supported by the record." *Id.* (quotation and citation omitted). It is our responsibility to ensure that the trial court has applied the appropriate legal principles to the record while still affording great weight to the court's fact-finding function, as the trial court is in the best position to observe and rule on the credibility of the parties and witnesses. *Id.*

When determining the role of an attorney, the Pennsylvania Rules of Juvenile Court Procedure ("Rules of Juvenile Procedure") focus, *inter alia*, on whether the basis for the adjudication of dependency is for status offenses

or a parent's failure to provide proper care and control.[3]  Pa.R.J.C.P. 1151. When the basis for the adjudication of dependency is for status offenses, the court must appoint an attorney to advocate for a child's legal interests, which in the context of a dependency proceeding is essentially a child's wishes, even if that child's wishes are in opposition to that child's best interests.  Pa.R.J.C.P. 1151(B) and (C).

In contrast, if the basis for the dependency determination is that a child is without proper parental care and control, the trial court is required to appoint a GAL to advocate for that child's wishes **and** that child's best interests.[4]  Pa.R.J.C.P. 1151(A).

The reason for the distinction is that when a dependency petition alleges status offenses, a child's conduct is at issue and consequently that child needs to have an attorney representing that child's legal interests and wishes to the court.  When the basis for the dependency proceeding is the failure of a child's parents to provide proper parental care and control, the focus of the hearing is on the parents' conduct and it may be sufficient for

---

[3] Status offenses are defined as "conduct which if engaged in by an adult would not be legally prohibited."  **In the Interest of R.B.**, 621 A.2d 1038, 1042 n.11 (Pa. Super. 1993) (citations omitted).  The 1977 amendments to the Juvenile Act reclassified status offenses as dependency rather than delinquency matters.  **Id.** at 1042.  Examples of status offenses include truancy, running away, and ungovernability.  **Id.**

[4] We note that if a child's wishes conflict with the GAL's belief of the best interests of that child, the GAL has a conflict and the court may separate the representation by retaining the GAL to act solely as the child's attorney and appointing a new GAL.  Pa.R.J.C.P. 1151 cmt.

the court to appoint a GAL to represent that child's wishes **and** best interests without conflict.

Attorney Kane first argues that the trial court abused its discretion when it removed him as the Child's GAL without notice or written motion. Attorney Kane's Brief at 20. This issue lacks merit.

We note initially that at the February 22, 2016 hearing, before the hearing officer made the recommendation to remove Attorney Kane as GAL in open court, Attorney Kane had notice that Attorney Preston was requesting the removal of the GAL and Attorney Kane had an opportunity to state his position.

Moreover, there is no legal basis to support Attorney Kane's argument that the court must provide written notice before vacating the appointment of a GAL. Because there is no specific statutory requirement that the court provide written notice before vacating the appointment of a GAL, the trial court did not err in vacating Attorney Kane's appointment on the record in open court, after giving parties an opportunity to be heard.

Attorney Kane next argues that the trial court abused its discretion when it removed him as the Child's GAL leaving the Child solely represented by an attorney. **See** Attorney Kane's Brief at 27. We disagree.

The basis for the adjudication of dependency in this case was the Child's truancy, which is a status offense. **See In the Interest of R.B., supra** at 1042. Consequently, the Rules of Juvenile Procedure only require

the appointment of an attorney to represent the Child's legal interests and wishes. Pa.R.J.C.P. 1151(B).

Moreover, the Rules of Juvenile Procedure do not mention the need for a GAL when the basis for adjudication is a status offense and thus, the Rules do not authorize the appointment of one. *Id*. Further, when the basis for adjudication is a status offense, we are confident that the trial court, who hears the evidence in its totality, is capable of determining the best interests of a child without a GAL. Therefore, the trial court did not abuse its discretion when it vacated the appointment of Attorney Kane as GAL.

Attorney Kane finally argues that the trial court abused its discretion when it dismissed Attorney Kane's Challenge as untimely. Attorney Kane's Brief at 20. We disagree.

The Honorable Ann Marie Wheatcraft, sitting as the trial court judge, authored a thorough and well-reasoned opinion, citing to the record and relevant authority in addressing Attorney Kane's claim that his Challenge was timely. After a careful review of the parties' arguments and the record, we affirm on the basis of the trial court's opinion which concluded that: (1) Attorney Kane received the recommendation to vacate the GAL on February 22, 2016, when the hearing officer announced it on the record in open court; (2) the Rules of Juvenile Procedure gave Attorney Kane three business days after he received the recommendation to file a challenge; (3) Attorney Kane was required to file a timely challenge by March 1, 2016; and (4) Attorney

Kane did not file his Challenge until March 7, 2016, rendering it untimely. *See* Trial Court Opinion, filed 7/1/16, at 3-6.

The parties are instructed to annex the trial court's July 1, 2016 Opinion to any future filings.

Order affirmed.[5]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017

---

[5] Appellee's request for attorney's fees summarily asserted in Appellee's Brief is denied.

RECEIVED
2016 JUL -1 PM 1:17
CLERK OF COURTS
CHESTER CO. PA.

| | |
|---|---|
| IN THE INTEREST OF<br><br>T. C., A MINOR | IN THE JUVENILE COURT OF<br>CHESTER COUNTY, PENNSYLVANIA<br><br>JUVENILE DIVISION - DEPENDENCY<br><br>DOCKET NO: CP-15-DP-0000019-2015<br>FID: 15-FN-000010-2015<br><br>1785 EDA 2016 |

J. WHEATCRAFT

### 1925(a) OPINION

T. C. ("the minor") was adjudicated Dependent on April 14, 2015. On April 24, 2015, Jeremiah F. Kane, Esquire was appointed as the minor's Guardian Ad-Litem ("GAL") and Gabriel Preston, Esquire was appointed as the minor's Attorney. Mr. Kane represented the minor as the GAL and Mr. Preston represented the minor as her Attorney at all subsequent proceedings. The hearing at issue in this Appeal took place on February 22, 2016. At that time, the Order appointing Mr. Kane as GAL was vacated. On March 7, 2016, Mr. Kane filed a Challenge to the Recommendation vacating the Order and on March 10, 2016 we denied the Challenge as untimely. Mr. Kane filed a Motion for Reconsideration on March 18, 2016.[1] A hearing to address the timeliness of Mr. Kane's Challenge to the Recommendation of February 22, 2016 was held on April 21, 2016. After considering all of the evidence and the arguments presented, we again determined that Mr. Kane's Challenge was untimely and executed an Order on May 12, 2016.

Mr. Kane filed this present Appeal on May 25, 2016, and submits that this Court

---

[1] Chester County Department of Children, Youth and Families ("CYF") filed a response on March 25, 2016. We did not consider CYF's response as it was not filed by a licensed attorney.

"A"

erred in finding that his Challenge was untimely and in failing to address his Challenge to the Recommendation to vacate his appointment as GAL.

## PROCEDURAL BACKGROUND

The minor first came to the attention of the Chester County Department of Children, Youth and Families ("CYF") in the fall of 2014. It was reported to CYF that the minor was missing school due to her inability to obtain child care for her own child during school days. CYF opened a case for this minor in December 2014 to address the issue of truancy. Upon further investigation, it was determined by CYF that the Minor had both transportation to school and day care set up with the Young Parent's Program. (Dependency Petition, 03/13/15, pars. 1-6, 9). Nonetheless, the minor continued to miss school and a Dependency Petition was filed on March 13, 2015. At the Adjudication Hearing of March 30, 2015, the minor was found to be a Dependent Child as a result of truancy. (Order, 03/30/15).

Subsequent to the adjudication of dependency, several hearings took place. The most recent hearing was held February 22, 2016 before Hearing Officer Clay N. Cauley, Sr.[2] At the conclusion of the February 22, 2016 hearing, Hearing Officer Cauley announced his Recommendation in open court to all the parties. Both immediately before and immediately after testimony was taken during the proceeding, Mr. Kane made argument regarding the issues that had arisen between him and the minor. Mr. Kane's recommendations to the Hearing Officer had been contrary to the wishes of his client. Due to this conflict and the minor already having Mr. Preston as her Attorney, the Order appointing a GAL was vacated. This was also done in open court in the presence of all the parties and counsel. (N.T., 02/22/16, pp. 65-66).

_____

[2]  Hearing Officer Cauley has presided over all of the proceedings in this matter.

A written Recommendation was prepared on February 22, 2016 and presented to the Court for review. The Recommendation was accepted on March 3, 2016. On March 7, 2016, Mr. Kane filed his Challenge to the Recommendation vacating the GAL. On March 10, 2016 we denied Mr. Kane's Challenge as untimely. Mr. Kane filed a Motion for Reconsideration on March 18, 2016. A hearing addressing the timeliness of Mr. Kane's Challenge to the Recommendation of February 22, 2016 was held on April 21, 2016. After that hearing, we reiterated that Mr. Kane's Challenge was untimely and executed an Order on May 12, 2016. On May 25, 2016 Mr. Kane filed this Appeal.

## ERRORS ON APPEAL

Mr. Kane presents one error, but we find that for purposes of examination there are two (2) errors alleged:

1. The Court erred in finding the Challenge filed on March 7, 2016 was untimely; and

2. The Court erred in failing to re-appoint a GAL for the minor.

## SCOPE OF REVIEW

This matter is governed by the Juvenile Act (42 Pa.C.S.A. §6301, *et seq.*). The Superior Court's scope of review is limited to an "abuse of discretion" standard. The Superior Court is bound by the facts as found by this Court and the determinations made unless they are not supported in the record. *In re A.P.*, 728 A.2d 375, 378 (Pa.Super. 1999); *In the Interest of C.J.R.*, 782 A.2d 568, 569–70 (Pa.Super. 2001).

## DISCUSSION

### Mr. Kane's Challenge Was Untimely

We conducted an evidentiary hearing addressing the issue of timeliness on April 21, 2016. After that hearing, we made the following findings of fact:

1. Mr Kane was fully aware of the Recommendation to vacate the Order appointing him as GAL at the conclusion of the hearing on February 22, 2016. (N.T., 04/21/16, Kane, p. 14, ll. 1-4).

2. The Court adopted the Recommendation by entering an Order eight (8) business days after the hearing, on March 3, 2016. (Order, 03/03/16).

3. The Challenge was filed March 7, 2016, two (2) business days after the Order was signed by the Court.

4. The Challenge was denied as untimely on March 10, 2016. (Order, 03/10/16).

5. Mr. Kane is an experienced attorney who has represented minors as a GAL in Chester County dependency matters for 25 years. (N.T., 04/21/16, Kane, p. 15, ll. 7-8).

6. Immediately after the February 22, 2016 hearing, Mr. Kane discussed filing a Challenge to the hearing officer's Recommendation with Mr. Preston. (N.T., 04/21/16, Kane, p. 14, ll. 20-23, Preston, p. 11, ll. 17-22).

7. The Recommendation was docketed on February 22, 2016. (N.T., 04/21/16, Exh. GAL 8 (Docket)).

8. Mr. Kane testified that he called the Dependency Administrator on March 2, 2016 and understood the written Recommendation was ready for him to pick up. Mr. Kane went on to testify that he requested that the Recommendation be mailed to him. (N.T., 04/21/16, Kane, p. 14, ll.14-17).

9. There was no testimony or evidence related to whether Mr. Kane inquired as to when the Recommendation was forwarded to the supervising judge for review and approval.

Upon carefully considering the evidence presented and the relevant rules of Pennsylvania Rules of Juvenile Court Procedure, we explained our determination in our May 12, 2016 Order:

> Dependency matters are in constant flux. Stability is the goal for children in dependency, and that can only be attained through expedient determinations and even more expedient resolutions to objections to those determinations. Hence, a mechanism is in place to accelerate dependency proceedings [as set forth in Rule 1191].

(See Order, 03/3/16).

It is directed in Rule 1191(A) that a master "shall announce in open court on the record ... the master's findings". Pa.R.J.C.P. 1191(A). That was done in this case.[3] (See N.T., 02/22/16, pp. 60-66). The hearing officer is also directed to submit his Recommendation to the presiding judge within two days of the hearing. Pa.R.J.C.P. 1191(B). This was also done as reflected on the docket. (Hearing, 04/21/16, Exh. GAL 8 (Docket)). Rule 1191 goes on to state that a challenge must be filed within three (3) days of receipt of the recommendation and that the written Recommendation need not be attached to the challenge.[4] Pa.R.J.C.P. 1191(C). There is also a time constraint placed on the presiding judge. A recommendation must be reviewed within seven (7) days. Pa.R.J.C.P. 1191(D). As a result, Mr. Kane was fully aware that the written Recommendation had to be forwarded to the presiding judge for review no later than February 24, 2016 and that the Court would be making a determination on or about

---

[3]  Pa.R.J.C.P. 1191 (Master's Findings and Recommendation to the Judge) ("Rule 1191").
[4]  The parties and counsel are placed on notice of any possible issues to challenge at the conclusion of each hearing. We find Rule 1191 permits an expedient challenge to be made without a delay due to the preparation of a written recommendation. Pa.R.J.C.P. 1191(A).

March 2, 2016[5]. As a result, as soon as the February 22, 2016 hearing was concluded, Mr. Kane had notice that any Challenge he wished to file was due no later than March 1, 2016.[6] Any other application of Rule 1191 contradicts the goal of expediency required in dependency matters and would thwart the Court's ability to function expeditiously in the best interests of a child.[7]

## Vacating the GAL

Mr. Kane submits that we did not have the authority to vacate the Order whereby he was appointed GAL in this case without written notice or request by motion. We disagree.

The record reflects that the minor is represented by an Attorney, Mr. Preston. The record is also clear that the status of this minor as a dependent child is pursuant to 42 Pa.C.S.A. §6302 (Dependent Child (5)), a child that is subject to compulsory school attendance is habitually and without justification truant from school, a determination that was made on March 30, 2015. This determination has never changed.

Pa.R.J.C.P. 1151 sets forth when a GAL is to be appointed and when an Attorney is to be appointed in a child dependency case. Specifically, when a child is deemed dependent pursuant to Pa.C.S.A. §6302 (Dependent Child (5)), the child is entitled to an "attorney", not a GAL. (*See* 42 Pa.C.S.A. § 6311(a)). "When a proceeding, including a master's hearing, has been initiated alleging that the child is a dependent child under paragraph (1), (2), (3), (4) or (10) of the definition of "dependent child" in

---

[5]  2016 is a leap year with the leap day being observed on February 29, 2016.

[6]  Due to the Court's schedule, the Order was not processed until March 3, 2016

[7]  Mr. Kane cited two cases, *In Re: L.M.*, 923 A.2d 505 (Pa.Super. 2007) and *Frazier v. City of Philadelphia*, 735 A.2d 113 (Pa. 1999), at the April 21, 2016 hearing to support his argument of timeliness. (N.T., 04/21/16, p. 21). We did not find these cases binding. These decisions addressed the trial court proceedings prior to the effective date of Rule 1191, February 1, 2007.

section 6302 (relating to definitions), the court shall appoint a ... [GAL] to represent the legal interests and the best interests of the child." Subsection (5) is explicitly left out as a circumstance where a GAL will be appointed. This restriction in the appointment of a GAL is again emphasized in Rule 1151 which states that the child is appointed an Attorney, not a GAL in truancy matters. Pa.R.J.C.P. 1151(B)(1)(a). Therefore, it was not error for the Court to vacate the GAL Order.

As to Mr. Kane's assertion that it was improper for the Court to act *sua sponte*, we note that there is no authority preventing the Court from such action. To the contrary, this Court is always under an obligation to act within the rules set before it and in the best interests of the child. 42 Pa.C.S.A. § 6351.

## CONCLUSION

The evidence presented supports our finding that Mr. Kane's Challenge was untimely and it was not error to vacate the Order appointing him as GAL in this case. For the foregoing reasons, the Court respectfully requests that our May 12, 2016 Order be AFFIRMED.

BY THE COURT:

Ann Marie Wheatcraft                    J.