621 A.2d 1038

**In the Interest of R.B., a Minor.**

**Appeal of COMMONWEALTH.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1992.

Filed March 16, 1993.

---

58

John R. Morgan, Asst. Dist. Atty., Tunkhannock, for Com., appellant.

Peter E. Walenta, Scranton, for participating party.

Before CIRILLO, KELLY and HESTER, JJ.

KELLY, Judge:

The Commonwealth brings this appeal asking us to determine whether appellee, a juvenile adjudicated dependent,[1] in

1. 42 Pa.C.S.A. §§ 6302, 6341; this chapter may be cited as the "Juvenile Act." *See* 42 Pa.C.S.A. § 6301.

need of supervision as a result of inadequate parental supervision, in need of drug and alcohol evaluation and family counseling, and given over by the Juvenile Court to an open (nonsecure) facility, was under "detention . . . for law enforcement purposes . . ."[2] sufficient to sustain an adjudication of delinquency[3] upon a charge of escape[4] when appellee left the facility without permission. We hold that neither statutory nor case law permits the application of a criminal charge of escape or an adjudication of delinquency under the circumstances of this case. Thus, we affirm the trial court's vacation of the delinquency adjudication and its dismissal of the juvenile petition charging the appellee with escape.

The relevant facts and procedural history of this case may be summarized as follows. On September 13, 1991, appellee, a minor, was adjudicated a dependent child pursuant to 42 Pa.C.S.A. § 6301 *et seq.* when he was found to be without proper parental care and control. The Juvenile Court further ordered appellee's temporary legal custody transferred to the Lackawanna County Children and Youth Services and appellee was placed in the residential program at St. Michael's School for Boys in Wyoming County, Pennsylvania. Appellee was so placed in order that he receive drug and alcohol evaluation as well as family counseling. Appellee's continued placement was to be reviewed within thirty (30) days.

On September 23, 1991, appellee left the school premises without permission. He remained absent from St. Michael's School until he called his counselor and agreed to turn himself in to the proper authorities later that same day. Appellee returned to St. Michael's School and was immediately placed in a foster home, no longer to remain in the residential program at St. Michael's.

On September 25, 1991, the Pennsylvania State Police filed a juvenile petition alleging that appellee had violated 18 Pa.C.S.A. § 5121 by unlawfully escaping from his "official detention" at St. Michael's School, when he left the facility on

---

2. 18 Pa.C.S.A. § 5121(e).

3. 42 Pa.C.S.A. §§ 6302, 6341.

4. 18 Pa.C.S.A. § 5121(a).

September 23, 1991. On October 25, 1991, appellee was, by court order, again found to be a dependent child and to remain in the custody of the Lackawanna Children and Youth Services, residing in foster care until the next six-month review. An adjudication hearing on the charge of escape was held on November 12, 1991 in the Juvenile Division of the Wyoming County Common Pleas Court. At that hearing, appellee signed a stipulation, on advice of counsel, admitting that appellee had fled from St. Michael's on September 23, 1991, and such flight, had appellee been an adult, would have constituted the crime of escape, a misdemeanor of the second degree. The stipulation was incorporated into the November 12, 1991 court order in which appellee was adjudicated a delinquent upon the charge of escape. Appellee's case was transferred to Lackawanna County Common Pleas Court for disposition, as appellee was a resident of Lackawanna County.

Appellee, through new counsel, petitioned the court for reconsideration of its delinquency adjudication on the charge of escape. Appellee asserted that his adjudication of delinquency was improper because, at the time of his flight from St. Michael's School, appellee was an adjudicated *dependent* juvenile in need of supervision, not an adjudicated delinquent. Moreover, appellee argued, the crime of escape requires a person to unlawfully remove himself from official detention and the statutory definition of "official detention" under 18 Pa.C.S.A. § 5121(e) does not include "shelter care" placement of a dependent child as defined in 42 Pa.C.S.A. § 6302.[5] Additionally, appellee contended that he had received ineffective assistance of prior counsel where prior counsel had advised appellee to sign the stipulation admitting escape despite the failure of prior counsel to inquire as to appellee's status as a dependent child at the time he left St. Michael's School. As such, appellee maintained, he was denied effective assistance of counsel at a critical stage of his juvenile criminal proceeding.

5. "Shelter care." Temporary care of a child in physically unrestricted facilities. 42 Pa.C.S.A. § 6302.

Upon reconsideration, the Wyoming County Court of Common Pleas found that a child absconding from a placement pursuant to dependency only was not committing a criminal offense and could not, therefore, be adjudicated delinquent on a charge of escape. Accordingly, by court order dated June 10, 1992, the Wyoming County Court of Common Pleas vacated its November 12, 1991 order adjudicating appellee a delinquent on the charge of escape, and dismissed the September 25, 1991 juvenile delinquency petition. The Commonwealth filed this timely appeal.

The Commonwealth styles its argument as an attempt to convince this Court that by adjudicating juvenile absconders guilty of escape and then finding them delinquent, the Juvenile Courts gain power to enforce their dependency orders. The Commonwealth suggests that the dependent juvenile is in "somewhat the same position as a person charged with a crime who is subsequently acquitted and/or the charge is dismissed or withdrawn." Commonwealth's Brief at 7. During the holding period, prior to trial or dismissal, a person charged with a crime would be guilty of escape if that person left the facility; and the same is true, reasons the Commonwealth, with regard to a dependent juvenile who leaves the facility or custody in which he is placed by the court. Otherwise, the Commonwealth concludes, the Juvenile Court mandates are rendered meaningless.

Appellee, on the other hand, contends that Pennsylvania law is well-settled to the contrary on the arguments raised herein by the Commonwealth. Specifically, appellee asserts that under present law, a dependent juvenile placed in an unrestricted shelter care facility cannot be found delinquent due to a charge of escape for running away from such a facility. For a dependent juvenile, unrestricted placement is not "official detention" within the meaning of the escape statute. Thus, concludes appellee, his status as a dependent juvenile at the time he absconded from St. Michael's School safeguards him from the delinquency charges on the singular basis of escape. We agree.

According to 42 Pa.C.S.A. § 6302, a child is a "dependent child" if the child:

    (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals;

    (2) has been placed for care or adoption in violation of law;

    (3) has been abandoned by his parents, guardian, or other custodian;

    (4) is without a parent, guardian, or legal custodian;

    (5) while subject to compulsory school attendance is habitually and without justification truant from school;

    (6) has committed a specific act or acts of habitual disobedience of the reasonable and lawful commands of his parent, guardian or other custodian and who is ungovernable and found to be in need of care, treatment or supervision;

    (7) is under the age of ten years and has committed a delinquent act;

    (8) has been formerly adjudicated dependent, and is under the jurisdiction of the court, subject to its conditions or placements and who commits an act which is defined as ungovernable in paragraph (6); or

    (9) has been referred pursuant to section 6323 (relating to informal adjustment), and who commits an act which is defined as ungovernable in paragraph (6).

Moreover, a "dependent child" is distinguished, under the same section of the Juvenile Act, from a "delinquent child," who is defined as: "A child ten years of age or older whom the court has found to have committed a delinquent act *and* is in need of treatment, supervision or rehabilitation" (emphasis added).[6] A "delinquent act"[7] is intended to mean:

**6.** The Official Comment to 42 Pa.C.S.A. § 6302 provides with regard to "delinquent child:"

    The definition of "delinquent child" derives from Section 2(3) of the Uniform Act where it is stated, in part that:

    "The conjunctive 'and' should be noted. Before the child can be characterized as a 'delinquent child' he must be found (1) to have committed a 'delinquent act' and (2) to be in need of treatment or rehabilitation. The first finding is made in the adjudicative hearing

**7.** See note 7 on page 63.

(1) The term means an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law, or under local ordinances.

(2) The term shall not include:

(i) The crime of murder.

(ii) Summary offenses, unless the child fails to comply with a lawful sentence imposed thereunder, in which event notice of such fact shall be certified to the court.

(iii) A crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense.

■ A further statutory distinction exists between a dependent juvenile and a delinquent juvenile, according to 42 Pa. C.S.A. § 6327, with regard to placement prior to adjudication. A child alleged to be delinquent may only be detained in (1) a licensed foster home or court-approved home, (2) a facility operated by a licensed child welfare agency or one that is court-appointed, (3) a *detention* home, camp, center or other facility for delinquent children ..., (4) or any other suitable place or facility designated or operated by the court and approved by the Department of Public Welfare. 42 Pa.C.S.A. § 6327(a). A child alleged dependent, however, may be placed only in a Department of Public Welfare approved shelter care facility as described in 42 Pa.C.S.A. § 6327(a)(1), (2) or (4) but not (3), and shall not be detained in a jail or other facility intended or used for the detention of adults charged with criminal offenses.... 42 Pa.C.S.A. § 6327(e).

on the merits of the allegations of delinquent acts ascribed to the child and involves all of the due process of law safeguards prescribed by [*In re*] *Gault* [387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)]. The second finding is made in the dispositional hearing and involves the 'good will and compassion' of the 'kindly juvenile judge,' taking into account the 'emotional and psychological attitude' of the child and having greater latitude in the information he may consider in making a disposition of the case. *Gault and Williams v. People,* 337 U.S. 241, 69 S.Ct. 1079 [93 L.Ed. 1337], ..."

7. 42 Pa.C.S.A. § 6302 as amended 1986, Dec. 11, P.L. 1521, No. 165, § 4.

Again in 42 Pa.C.S.A. § 6351(c), the statute limits the conditions of confinement of a juvenile adjudicated dependent such that "unless a child found to be dependent is found also to be delinquent, he shall not be committed to or confined in an institution or other facility designed or operated for the benefit of delinquent children."

These distinctions regarding conduct and placement of juveniles who are dependent and juveniles who are delinquent reflect the clear legislative intent to protect juveniles adjudicated dependent, before and after their dependency adjudication. We cannot agree, therefore, with the Commonwealth's analogy which places the adjudicated dependent juvenile in "somewhat the same position as a person charged with a crime who is subsequently acquitted and/or the charge is dismissed or withdrawn." While it is true that during the holding period, prior to trial or dismissal, a person charged with a crime would be guilty of escape if that person left a detention facility without permission, a child adjudicated dependent has committed no crime nor been charged with a crime. Moreover, the dependent juvenile's placement in an unrestricted shelter care facility also reflects the understanding that this placement is not a "detention for law enforcement purposes," such that running away would be equivalent to escape.

Instantly, appellee was adjudicated a dependent juvenile in need of supervision (JINS) because he was without proper parental care or control. He was placed under the jurisdiction of Juvenile Court and under the protective services of the Children and Youth Services of Lackawanna County (CYS). No allegations of delinquent acts were made or proved at this time. Accordingly, appellee was sent to an *unrestricted* facility for evaluation and treatment.[8] Appellee left this unrestricted shelter care facility on September 23, 1991, at which time appellee's status was still that of a *dependent* juvenile.

8. Appellee was placed in St. Michael's School for evaluation and treatment, not for detention, as this would have been contrary to 42 Pa.C.S.A. § 6351(c), which limits the confinement conditions of dependent juveniles. Arguably, St. Michael's School was a statutorily inappropriate placement for appellee once he was adjudicated dependent, because St. Michael's housed children alleged to be delinquent.

The case of *In Interest of Tasseing H.*, 281 Pa.Super. 400, 422 A.2d 530 (1980) presented this Court with the question of whether a child who absconds from shelter care ordered pursuant to a dependency petition may subsequently be found delinquent on the basis of contempt of court for leaving the shelter care facility without permission. *Id.* at 407, 422 A.2d at 533. The Court looked to the act supporting the finding of contempt, namely, the leaving of a non-secure shelter facility without permission. This act, concluded the Court, did not constitute an offense under the Crimes Code.[9] *Id.* at 411, 422 A.2d at 535. Analogizing to the crime of escape, 18 Pa.C.S.A. § 5121,[10] the Court also concluded that a charge of escape would not lie against a child who was classified as dependent at the time the child ran away from the shelter placement. *Id.*

In *Commonwealth v. Feick*, 294 Pa.Super. 110, 439 A.2d 774 (1982), this Court again examined the issue of whether the conduct of running away from a shelter care facility was a delinquent act, as defined under 42 Pa.C.S.A. § 6302, where the juvenile was classified as a dependent child at the time she left the facility without permission. The court noted that the 1977 amendments to the Juvenile Act promulgated by our legislature reclassified status offenses[11] as dependency rather than delinquency matters. Specifically, sta-

---

**9.** 18 Pa.C.S.A. § 101 *et seq.*

**10.** 18 Pa.C.S.A. § 5121 provides in relevant part:
   **Escape**
   (a) **Escape.**—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period ...
   (e) **Definition.**—As used in this section the phrase "official detention" means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail.

**11.** A status offense is conduct which if engaged in by an adult would not be legally prohibited. *Commonwealth v. Feick, supra* at 114, 439 A.2d at 776 n. 6, *citing Interest if Tasseing H., supra,* 281 Pa.Super. at 408, 422 A.2d at 533.

tus offenses such as truancy, running away, and ungovernability were no longer delinquent acts. *Id.* at 114, 439 A.2d at 776. "As status offenses are not to be considered delinquent acts, the commission of such an offense is not sufficient criminal conduct which could lead the juvenile court to find a status offender delinquent." *Id.* The *Feick* Court categorized the conduct of running away from a shelter care facility by a juvenile dependent as a status offense holding that the juvenile court's adjudication of delinquency based on that conduct was erroneous. *Id.* at 115, 439 A.2d at 777.

The Commonwealth seeks to distinguish *Tasseing H.* and *Feick* on the basis that the charge involved therein was contempt, not escape, as in the instant case. The Commonwealth contends that by adjudicating absconders guilty of escape and then finding them delinquent, the juvenile court can exercise its power to enforce dependency mandates.

The policy considerations inherent in allowing the transformation of a juvenile dependent into a juvenile delinquent merely for leaving an unrestricted shelter care facility without permission were carefully considered by the Supreme Court of New Jersey in the consolidated appeals of *Interest of M.S., Interest of E.O., Interest of D.K., Interest of E.M.,* 73 N.J. 238, 374 A.2d 445 (1977). The difficulty with the approach in allowing the application of the "escape" label to such conduct on the ground that it is the only effective means of dealing with runaways is:

... while it solves the immediate problem by giving the court the right to resort to detention, it has at least two adverse consequences. First, the juvenile, originally classified as in need of supervision only, is subject to institutionalization with delinquents, many of whom have committed acts of violence and brutality. Such institutionalization exposes the JINS to the very influences which the [Juvenile] Act seeks to avoid. Second, the JINS is adjudicated a delinquent, a term which "has come to involve only slightly less stigma than the term 'criminal' applied to adults." *In re Gault,* 387 U.S. 1, 24, 87 S.Ct. 1428, 1441, 18 L.Ed.2d 527, 544 (1967). The after effects of labelling a child "delin-

quent" are particularly unfortunate for a JINS who is merely a runaway.

*Id.* 73 N.J. at 245, 374 A.2d at 448. The real solution, in most cases, opined the Court, lay in providing closer supervision and a closer exercise of authority by the shelter care personnel as a means of controlling unauthorized departures. *Id.* at 246, 374 A.2d at 448.

Instantly, appellee did not demonstrate the kind of incorrigible and chronic habitual runaway conduct that gives rise to concerns over the increased potential for delinquency and wasted adulthood. Here, appellee left St. Michael's School, spent most of his time travelling home, where he called his counselor at the facility and arranged his return all in the same day. Appellee was immediately placed in foster care where he has remained, to the best of our knowledge, without incident. These facts do not compel us to reverse the trial court's vacation of the delinquency adjudication and dismissal of the juvenile petition. Accordingly, we affirm.

Order affirmed.