J. A12044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF:  L.Q., A MINOR   :     IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                      :
APPEAL OF:  S.K., MOTHER         :           No. 72 WDA 2019


Appeal from the Order Dated December 10, 2018,
in the Court of Common Pleas of Allegheny County
Family Court Division at No. CP-02-DP-0002333-2014


BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED AUGUST 05, 2019**

S.K. ("Mother") appeals from the December 10, 2018 order entered in the Court of Common Pleas of Allegheny County, Family Court Division, that denied the oral motion that Mother made at the December 4, 2018 permanency and goal change hearing[1] requesting that the trial court appoint separate counsel to represent the legal interests of L.Q., male child, born in December 2011 ("Child").  We affirm.

The trial court set forth the following:

> The family has an extensive history of court involvement and the case has been court active for several years.  The case was successfully closed for a brief period but was re-opened in 2017.  [C]hild was adjudicated dependent again on January 10, 2018. This court has conducted routine permanency hearings in this matter and has had the opportunity to observe [C]hild on a number of occasions.  [Child]

---

[1] In its opinion, the trial court noted that December 4, 2018, was also the date of the initial hearing on the petition for involuntary termination of Mother's parental rights.  (Trial court opinion, 2/19/19 at 1 n.1.)

suffers from mental health issues and has had substantial behavioral issues resulting in multiple foster home placements.[Footnote 2]

> [Footnote 2] [Allegheny County Children, Youth, and Families ("CYF")] Caseworker Shayla Jones testified that [Child] had been placed in five different foster homes since the case re-opened.

During the Permanency Hearing on December 4th, 2018, the CYF Caseworker, Shayla Jones, testified that [C]hild reported that he wanted to return to Mother's care. However, he displayed mixed emotions about his visits with Mother. Counsel for Mother requested that separate counsel be appointed for [C]hild based on a divergence of his legal and best interests. The court attempted to speak with [C]hild for the purpose of determining whether there was a conflict between his legal and best interests. The court did attempt to engage [Child] in conversation to determine if [C]hild was competent to direct his legal representation and if there was a conflict between his legal and best interests. When questioned by the court, [C]hild would not answer any questions, instead continuously repeated the word "no" and burying his face into Mother's chest.

Trial court opinion, 2/19/19 at 1-2.

On December 10, 2018, the trial court entered an order denying Mother's oral motion to appoint separate legal counsel for Child based upon its finding:

> that there is no divergence between [C]hild's legal and best interests and Mother's oral request that separate counsel for [C]hild be appointed is denied. Based upon the [c]ourt's observation of [C]hild, it finds [C]hild is unable to formulate an opinion based upon his age, emotional state and inability to articulate his wishes to the court.

J. A12044/19

Order of court, 1/10/18.

On January 9, 2010, Mother filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). Subsequently, the trial court filed its Rule 1925(a)(2)(ii) opinion.

Mother raises the following issue for our review:

> Can a trial court deny a child their right to unconflicted representation of their legal interest in a dependency proceeding by declaring the child lacks the capacity to direct his legal counsel?

Mother's brief at 6 (full capitalization omitted).

Preliminarily, we note that in **In re J'K.M.**, 191 A.3d 907 (Pa.Super. 2018), this court recently recognized that an order denying a parent's motion for the appointment of a separate guardian **ad litem** ("GAL") to represent the child's best interest in a dependency proceeding is an appealable order under Pa.R.A.P. 313(b). We, therefore, have jurisdiction over this appeal.

> Review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but it does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review the trial court's decision under an abuse-of-discretion standard.

**J'K.M.**, 191 A.3d at 910.

Recently, this court explained that

> a dependency court is required by statute to appoint a GAL, who must be an attorney. 42 Pa.C.S.[A.]

§ 6311(a). The GAL is authorized to represent both a child's legal and best interests. *Id.* Pursuant to Section 6311(b)(7), the GAL's duties in representing a child's best interests include making recommendations to the court regarding a child's placement needs. However, under Section 6311(b)(9), the GAL is to represent a child's legal interests by determining "to the fullest extent possible," a child's wishes, if those wishes are ascertainable. Factors that must be considered when ascertaining a child's wishes, or legal interests, are a child's age and mental and emotional condition. 42 Pa.C.S.[A.] § 6311(b)(9).

The difficulty arises when, as occurred in this case, the two interests conflict. We find *In re Adoption of L.B.M.*, 639 Pa. 428, 161 A.3d 172 (Pa. 2017) instructive, despite that case involving the appointment of counsel in termination of parental rights cases under 23 Pa.C.S. § 2313. Justice Wecht, the author of the lead opinion in *L.B.M.*, stated that 23 Pa.C.S. § 2313(a) requires the trial court to appoint counsel for a child in a termination of parental rights case, and the failure to do so is a structural error and is not subject to harmless error analysis. *L.B.M.*, 161 A.3d at 183. In part II-B of the lead opinion, Justice Wecht concluded that a trial court is required to appoint counsel to represent a child's legal interests even when the child's GAL, who is appointed to represent the child's best interests, is an attorney. Justice Wecht concluded that the interests are distinct and require separate representation. Four members of the Court, Chief Justice Saylor, and Justices Baer, Todd, and Mundy disagreed with Justice Wecht's strict application of Section 2313(a); rather, they opined, in concurring and dissenting opinions, that separate representation is required only if the child's best interests and legal interests conflicted. In other words, a child's GAL may serve as child's counsel when the GAL's dual role does not create a conflict of interest. *L.B.M.*, 161 A.3d at 183-193. Thus, a conflict of interest analysis must be conducted to determine whether a child's legal interests diverge from the child's best interests. *In re Adoption of T.M.L.M.*,

184 A.3d 585, 2018 PA Super 87, at *4 (Pa. Super. 2018) (remanding where a five-year old child's preference was equivocal and child's counsel had not interviewed the child to determine whether his best interests and legal interests conflicted).

Furthermore, although Section 6311(b)(9) provides that a dependency GAL has no conflict of interest when the child's best interests and legal interests diverge, our Supreme Court suggested in such instances that the GAL should request appointment as legal counsel and the assignment of a separate GAL. *L.B.M.*, 161 A.3d at 175 n.4 (citing Pa.R.J.C.P. 1154 cmt.); *see also In Interest of C.P.*, 2017 PA Super 22, 155 A.3d 631, 634 n.2 (Pa. Super. 2017) ("We note that if a child's wishes conflict with the GAL's belief of the best interests of that child, the GAL has a conflict and the court may separate the representation by retaining the GAL to act solely as the child's attorney and appointing a new GAL. Pa.R.J.C.P. 1151 cmt."). Importantly, the Supreme Court suspended Section 6311(b)(9) to the extent that it conflicts with Rule 1154. Pa.R.J.C.P. No. 1800(3). Thus, pursuant to *L.B.M.*, *C.P.*, Rule 1154 and its comment, and the specific suspension of Section 6311(b)(9), a divergence between the child's wishes under 42 Pa.C.S.[A.] § 6311(b)(9), and the GAL's recommendations under 42 Pa.C.S. § 6311(b)(7), may be considered a conflict of interest for the GAL.

It is well settled that "[c]ompetency is the rule and incompetency the exception." *Rosche v. McCoy*, 397 Pa. 615, 156 A.2d 307, 309 (Pa. 1959). Moreover, competency is presumed where the child is more than fourteen years of age. *Id.* at 310.

*J'K.M.*, 191 A.3d at 913-914.

In *J'K.M.*, the child was 16 years old and presumed competent. (*Id.* at 914.) The child testified at the dependency proceeding that she wanted to remain in her mother's care. (*Id.*) The child explained that she believed the

system had failed her; that she was raped in foster care; that she did nothing more than cry while she was in foster care; and that as a result of her placement in foster care, her grades suffered. (*Id.* at 914-915.) Despite the child's presumed competence and her ability to articulate her preferred outcome and the reasons for her preference, the GAL argued that the child remain in foster care. (*Id.* at 915.) Mother then moved for the appointment of a separate GAL. The trial court denied mother's request. This court reversed and remanded for the appointment of a separate GAL, finding that the trial court abused its discretion in concluding that the "divergent opinions" of the child and the GAL did not constitute a conflict that required the appointment of a separate GAL. (*Id.* at 916.)

Unlike *J'K.M.*, however, the trial court in this case denied Mother's request for appointment of separate counsel to represent Child's legal interest after it determined that no conflict existed between the Child's legal and best interests because Child's wishes were not ascertainable. Indeed, the record reflects that the GAL informed the trial court that Child wanted to be returned to Mother, but emphasized that Child is six years old and "does not understand why he is out of [M]other's care." (Notes of testimony, 12/4/18 at 73.) The GAL also stated her belief that Child "is not competent enough to direct his legal representation." (*Id.*) The trial court then attempted to question Child, but Child neither answered the trial court's questions nor stated his preference. (*Id.* at 77-78.) The trial court denied Mother's request for

appointment of separate legal counsel because it found Child unable to formulate an opinion as to his preferred outcome based on his age, his emotional state, and his inability to articulate his wishes. (Order of court, 1/10/18.) Under these circumstances, where a child's legal interest cannot be determined due to age, emotional state, and inability to articulate a preference, no conflict can exist between the child's legal and best interests. Therefore, the trial court properly exercised its discretion in denying Mother's request for the appointment of separate counsel to represent Child's legal interest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2019