779 A.2d 1172 (2001)
In the Matter of A.L., J.L., A.L., C.L., Minor Children.
Appeal of C.J.L., Mother.
In the Matter of A.L., J.L., A.L., C.L., Minor Children.
Appeal of R.J.L., Father.
Superior Court of Pennsylvania.
Argued May 15, 2001.
Filed June 29, 2001.
*1173 Gerald S. Robinson, Harrisburg, for C.J.L.
John W. Purcell, Harrisburg, for R.J.L.
Kathryn D. Slade, Harrisburg, for Guardian Ad Litem.
Before: CAVANAUGH, STEVENS and TAMILIA, JJ.
TAMILIA, J.
¶ 1 These are the consolidated appeals[1] of mother and father from the September 8, 2000 Order adjudicating their four minor children dependent and placing them in the care and custody of Dauphin County Social Services for Children and Youth.
¶ 2 Upon review of the record, we find the parties are in the process of divorcing and that the issue of custody has been ongoing for several years. On December 13, 1996, father filed a complaint for custody and a *1174 motion for emergency temporary relief. The court awarded primary physical custody to father on February 25, 1998. Thereafter, mother filed various petitions related to modification of the custody arrangements. Evidentiary hearings were held on August 16 and September 1, 2000. Thereafter, the court issued its September 8, 2000 Order adjudicating the children dependent.
¶ 3 "`The standard of review which this Court employs in cases of dependency is broad.'" In the Matter of A.H., 763 A.2d 873, 875 (Pa.Super.2000), quoting Appeal of L.S. & B.S., 745 A.2d 620, 622 (Pa.Super.1999).
¶ 4 Both mother and father filed appeals and argue the trial court committed an error of law and abused its discretion in making its adjudication. Similarly, guardian ad litem for the children argues the adjudication of dependency constitutes reversible error.
¶ 5 In the present case, the parties were before the court for the sole purpose of determining custody of their children. Custody matters are governed by 23 Pa. C.S.A. §§ 5301-5314, Custody. "`[T]he paramount concern in a child custody case is the best interests of the child, based on a consideration of all factors that legitimately affect the child's physical, intellectual, moral and spiritual well-being.'" Bovard v. Baker, 775 A.2d 835, 2001 Pa.Super. LEXIS 474 (Pa.Super.2001), quoting Swope v. Swope, 455 Pa.Super. 587, 689 A.2d 264, 265 (1997); see also 23 Pa.C.S.A. § 5301, Declaration of policy.
¶ 6 Despite the fact that the only issue appropriate for disposition was that of custody, the trial court made a sua sponte determination that the children are dependent. Dependency matters are governed by the Juvenile Act, 42 Pa.C.S.A. §§ 6301-6365. "The primary purpose of the Juvenile Act is the preservation of family unity whenever possible." In Interest of Justin S., 375 Pa.Super. 88, 543 A.2d 1192, 1195 (1988) (citation omitted.)
Our court has stated that it is `a very serious matter indeed to allege that a child is a dependent child and thereby invite the intervention of agencies of the state into a parent's care of that child.' In this decision to intervene the State must balance its interest in protecting and caring for minor children against its interest in protecting and caring for one of our most important institutions, the family.
In re T.D., 381 Pa.Super. 300, 553 A.2d 979, 981 (1988), appeal denied, 524 Pa. 610, 569 A.2d 1369 (1989), quoting In Interest of Theresa E., 287 Pa.Super. 162, 429 A.2d 1150, 1155 (1981).
¶ 7 "In deference to its desire to protect and preserve the family unit, the legislature will only allow a court to dispose of dependency cases under the Juvenile Act `if the court finds from clear and convincing evidence that a child is dependent.'" In Interest of Justin S., supra at 1196, quoting 42 Pa.C.S.A. § 6341, Adjudication (c) Finding of dependency. The Juvenile Act's section 6303, Scope of chapter (a) General rule, explains that the rules apply where a child is alleged to be dependent.
¶ 8 A dependent child, as the term applies to this case, is defined as a child who "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals." 42 Pa.C.S.A. § 6302, Dependent child (1).
¶ 9 When discussing and comparing issues of child custody, dependency adjudication and removal of a child from parental custody, it is imperative to recognize that each matter requires application of a different legal standard.
*1175 ¶ 10 It is well established that in custody cases, the court must award custody to the party who has proven by a preponderance of the evidence to be superior. See Andrews v. Andrews, 411 Pa.Super. 286, 601 A.2d 352 (1991), affirmed, 533 Pa. 354, 625 A.2d 613 (1993); Murphey v. Hatala, 350 Pa.Super. 433, 504 A.2d 917 (1986), appeal denied, 516 Pa. 634, 533 A.2d 93 (1987); In re Custody of Hernandez, 249 Pa.Super. 274, 376 A.2d 648 (1977).
¶ 11 Cases of dependency, however, require application of a higher standard. As previously discussed, only where there is clear and convincing evidence may a child be adjudicated dependent. In re T.D., supra. See also 42 Pa.C.S.A. § 6341(c).
¶ 12 Moreover, even after a child properly has been determined to be dependent, the court is not free to remove the child from parental custody. Removal may be ordered only where the evidence demonstrates a clear necessity for removal.
The Juvenile Act has been interpreted to allow for the removal of a child from the custody of his parents only where there is clear necessity for such removal. Such necessity is implicated where the welfare of the child demands that he be taken from his parents' custody. We note that a decision to remove a child from his or her parents' custody must be reconciled with the "paramount purpose" of preserving family unity.
In re S.M., 418 Pa.Super. 359, 614 A.2d 312, 314-315 (1992) (citations omitted).
`[A]side from the other means provided by § 6321,[2] in order for a court to have jurisdiction to find a child to be dependent, there must be a petition filed under the Juvenile Act which alleges the dependency of the child.'
Fallaro v. Yeager, 364 Pa.Super. 408, 528 A.2d 222, 225 (1987), quoting In Interest of M.B., 356 Pa.Super. 257, 514 A.2d 599, 602 (1986) (emphasis added.)
¶ 13 Upon review of the record, we find that there was never even an informal allegation that the children are dependent. The only testimony presented at the August 16, 2000 hearing was that of Melinda Eash, an associate in the practice which has provided psychological care and services to both the parents and children. The court stated on the record that, prior to the hearing, it "spent significant time in chambers discussing and receiving information from both lawyers in the company of the professional [i.e. Ms. Eash]." (N.T., 8/16/2000, at 3.) Moreover, at the conclusion of the testimony, the following conversation took place:
THE COURT: ... I'd like counsel to stick around ... so we can have further conversations about this. And maybe *1176 the professional will also stay with us. Okay?
[ATTORNEY FOR FATHER]: In chambers, Your Honor?
THE COURT: Yes.
(Id. at 76.)
¶ 14 At the September 1, 2000 hearing, the following four witnesses testified with respect to their involvement with the parties and their children.
 Thomas Nissley: principal of the school at which 3 of the 4 children are enrolled;
 Nichole Sheaffer: live-in girlfriend of father and babysitter of children;
 Detective Proper: police officer who investigated shop-lifting incident; and
 Detective Goodrow: police officer who investigated shop-lifting incident and discovered existence of prior allegations of sexual abuse.
¶ 15 Following the September 1, 2000 hearing, the court stated the following with respect to its intention to adjudicate the children dependent and place them in the care and custody of Dauphin County Social Services for Children and Youth.
THE COURT: Good afternoon, ladies and gentlemen. The Court, since we were last in session, has had a series of discussions with counsel for both parties, the representative of Dauphin County Children & Youth Agency, together with the professional, Ms. Eash, that has been involved with this case. We have explored various options.
The Court has expressed to the parties, counsel, and also to the professionals our substantial concern about the present welfare of these children.
The Court has arrived at a decision, and I want to make it very clear to everyone. This is what I will call an interim decision. The decision is primarily predicated upon the belief by the Court that the children, all four of them, are in a destabilizing environment that is seriously placing their well being in jeopardy; that this is an ongoing situation, such that at this point in time, the Court does not have confidence that either parent is able to deal with this matter; and that the children's best interest in this matter shall be met, at least temporarily, by the Court immediately intervening.
(N.T., 9/1/00, at 60-61.)
¶ 16 As the parties' participation in the August 16 and September 1, 2000 hearings appropriately was based on their presentation of custody issues, they were completely unprepared to defend or otherwise respond to allegations of dependency.
¶ 17 The record reveals no evidence that a dependency petition was filed in this case. Accordingly, it is clear that the trial court was without jurisdiction to evaluate and rule upon any issue of dependency. Moreover, there is no evidence the children were appointed counsel as required by the Juvenile Act's section 6311, Guardian ad litem for child in court proceedings (a) Appointment.
When a proceeding, including a master's hearing, has been initiated alleging that the child is a dependent child under paragraph (1), (2), (3), (4) or (10) of the definition of `dependent child' in section 6302 (relating to definitions), the court shall appoint a guardian ad litem to represent the legal interests and the best interests of the child. The guardian ad litem must be an attorney at law.
¶ 18 Based upon the foregoing, we find the trial court erred in asserting the issue of dependency sua sponte and in adjudicating the children dependent. Accordingly, the Order of dependency is vacated and this matter is remanded to the trial court for a full evidentiary hearing for the sole purpose of disposing of the parties' custody issues.
*1177 ¶ 19 As the September 8, 2000 Order is vacated, the children must be returned to the custody of father immediately and without delay pursuant to and in accordance with the provisions of the March 13, 1999 Order of the trial court. This custody arrangement shall remain in effect until the trial court has conducted a full evidentiary hearing and ruled on the issue of custody.
¶ 20 If it appears neither parent is sufficiently able to provide for the children's welfare, an adjudication of dependency and removal of the children may be attained only after the filing of a petition and compliance with the procedures and standards of review enunciated above.
¶ 21 Order vacated; case remanded.
¶ 22 Jurisdiction relinquished.
NOTES
[1] Mother and father filed separate appeals in this matter. The record reveals no Order consolidating the appeals, however, upon review of the issues presented, this Court finds the two appeals should be treated as if they have been consolidated.
[2] 42 Pa.C.S.A. § 6321, Commencement of proceedings provides in pertinent part as follows.

(a) General rule.A proceeding under this chapter may be commenced:
(1) By transfer of a case as provided in section 6322 (relating to transfer from criminal proceedings).
(2) By the court accepting jurisdiction as provided in section 6362 (relating to disposition of resident child received from another state) or accepting supervision of a child as provided in section 6364 (relating to supervision under foreign order).
(2.1) By taking a child into custody in accordance with the provisions of section 6324 (relating to taking into custody).
(3) The other cases by the filing of a petition as provided in this chapter. The petition and all other documents in the proceeding shall be entitled "In the interest of...................., a minor," and shall be captioned and docketed as provided by general rule.
(Emphasis added.)