**DAUPHIN COUNTY SOCIAL SERVICES, FOR CHILDREN AND YOUTH, Appellant,**

v.

**R.J.L., Appellee.**

**Dauphin County Social Services, for Children and Youth, Appellant,**

v.

**C.J.L., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 19, 2002.
Filed April 4, 2003.

William M. Shreve, Harrisburg, for appellant.

John W. Purcell, Harrisburg, for appellees.

Before: STEVENS, OLSZEWSKI, and BECK, JJ.

OPINION BY STEVENS, J.

¶ 1 Dauphin County Children and Youth Services appeals from an order dated March 18, 2002, voiding a previous order and directing that child support payments be refunded to Appellee. We affirm.

¶ 2 This case originated with a custody dispute over four minor children. Mother and Appellee Father twice appeared before the Dauphin County Court of Common Pleas on a motion to modify a custody order. At the conclusion of the second hearing, and despite the fact that the only issue before it pertained to modification of custody, the lower court *sua sponte* indicated its intention to find the children dependent, and, on September 8, 2000, it issued an order to that effect.[1] The Children were placed in foster care, where they remained for approximately ten months,[2] and both parents appealed, arguing that the court acted beyond its authority.

¶ 3 While the appeal was pending before a panel of this Court, Children and Youth sought to collect child support from the

---

1. Dependency matters are governed by the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6365.

2. Dauphin County Children and Youth incurred expenses of $88,343.96 related to the placement of the four children.

parents. The Dauphin County Court of Common Pleas issued an order directing the parents to pay child support, and they responded by requesting *de novo* review, alleging among other things, the illegality of the dependency order. The lower court took the matter under advisement in light of the appeal pending before this Court.

¶ 4 On June 29, 2001, a panel of this Court held that the lower court had acted without jurisdiction when it found the children dependent. *In the Matter of A.L.*, 779 A.2d 1172 (Pa.Super.2001). Based on that conclusion, the dependency order was vacated, the case was remanded for a full evidentiary hearing on the custody issue, and the children were returned to Father's custody. *Id.* This decision has not been appealed.

¶ 5 The parents subsequently sought a rehearing of their challenge to the child support orders, and a hearing was eventually held on March 18, 2002, at which time the parents argued that they should be reimbursed for the child support payments they made during the time the children were in foster care. Dauphin County Children and Youth countered that it should not be made to bear the full costs, since it had not asked that the children be found dependent in the first place.

¶ 6 The lower court subsequently voided the support orders, and directed that the parents be reimbursed. Dauphin County Children and Youth now appeals, arguing that it should not be required to reimburse Appellees.

■ ¶ 7 In child support cases, our standard of review is as follows:

> The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judg-

ment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

*Kessler v. Helmick,* 449 Pa.Super. 113, 672 A.2d 1380, 1382 (Pa.Super.1996) (quoting *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75, 77 (Pa.Super.1989) *(en banc)).* For our purposes, "an abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." *Kersey v. Jefferson,* 2002 PA Super 22, 791 A.2d 419 (Jan. 31, 2002) (citations omitted).

*Portugal v. Portugal,* 798 A.2d 246, 249 (Pa.Super.2002).

■ ¶ 8 Children and Youth cites to numerous cases and statutes which stand for the general proposition that a parent has a nearly absolute duty to support his or her children. However, none of the authorities cited for this proposition involve the circumstances currently before us: A support order premised on an invalid declaration of dependency.

■ ¶ 9 Here, Children and Youth asserts that because the children were placed in its care following the lower court's adjudication of dependency, their parents owe an absolute duty of support. It is undisputed, however, that without a petition for dependency, the lower court was without jurisdiction to find the children dependent in the first place. *In the Matter of A.L.*, 779 A.2d at 1175–1176 (citing *Fallaro v. Yeager,* 364 Pa.Super. 408, 528 A.2d 222 (1987)). "When a court takes action beyond the power conferred on it by law (its jurisdiction), its action is a

nullity . . . ." *Barnes v. McKellar,* 434 Pa.Super. 597, 644 A.2d 770, 773 (1994) (citation omitted). As such, the order directing the parents to pay support was based on an invalid finding of dependency, a nullity. Hence the support order was properly voided by the March 18, 2002 order directing reimbursement. Children and Youth has not shown that the lower court committed an error of law or an abuse of discretion in so determining, and, as a result, we affirm the order of March 18, 2002. *Portugal, supra.*

¶ 10 Affirmed.