### In the Interest of A.S.

### Appeal of A.S.

Superior Court of Pennsylvania.

Submitted July 10, 2007.
Filed Nov. 15, 2007.

---

Lester R. Zipris, Philadelphia, for appellant.

Edward M. Flannery, Philadelphia, for G.S., participating party.

William A. Calandra, Philadelphia, for A.W., participating party.

Cynthia N. Keller, Philadelphia, for Dept. of Human Services, participating party.

BEFORE: JOYCE,* PANELLA and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 On March 29, 2006, the Department of Human Services (DHS) filed a petition in the Philadelphia County Court of Common Pleas alleging that the minor child, A.S., was dependent. In the petition, DHS alleged that A.S. and her mother (Mother) had engaged in a physical altercation with one another resulting in A.S. suffering a cut to her lip. The petition stated that A.S. no longer wanted to live with Mother, and DHS noted that the report of abuse was "indicated." [1] It was stated in the petition that both A.S. and her sister had previously exhibited behavioral problems at school and that A.S.' sister received wraparound services through Children's

---

* Judge Joyce did not participate in the consideration or decision of this case.

1. The Child Protective Services Law, 23 Pa. C.S. §§ 6301–6385, defines an indicated report as a child abuse report made if an investigation by the county agency or the Department of Public Welfare determines that substantial evidence of the alleged abuse exists based on available medical evidence, the child protective service investigation, or an admission of the acts of abuse by the perpetrator. 23 Pa.C.S.A. § 6303(a).

Services, Inc. (Children's Services). Additionally, it was noted that Mother had initially agreed to accept in-home services offered by Services to Children in their Own Homes (SCOH) and agreed to schedule an appointment with Children's Services for A.S. Subsequently, however, it was alleged that Mother refused to cooperate and that she informed DHS not to contact her again.

¶ 2 The following day, March 30, 2006, the Honorable Kevin M. Dougherty filed an order appointing the Defender Association as child advocate counsel for A.S. and ordering that said counsel shall have access to relevant records and to A.S. On April 12, 2006, the Honorable Lisa Richette held a hearing on the petition. At the hearing, Mother, the alleged perpetrator of abuse upon A.S., was present and represented by counsel; however, A.S. was not at the hearing.

¶ 3 The trial court inquired as to why A.S. was not present, and there was a discussion as to Mother's efforts to prevent DHS and A.S.' counsel from contacting A.S. Judge Richette announced in court that the trial court needed to see the child. N.T. Hearing, 04/12/2006, at 11, 62, and 65. Counsel for A.S. and the social workers informed the court that Mother simply would not allow them to see the child. Because of the stated need to hear from A.S., Judge Richette concluded that, without hearing from the child and without counsel having an opportunity to meet with the child, DHS had failed to meet its burden, and she dismissed the petition. A motion for reconsideration was filed by counsel for A.S. and denied. Subsequently, counsel for A.S. filed this timely appeal.

■■■ ¶ 4 The essence of the issue before this Court is whether the trial court erred in dismissing a petition for dependency where the parent of an allegedly dependent child denied the child's court appoint-

ed counsel access to that child despite a court order directing access to the child and where the trial court dismissed the petition without ever hearing from the child.

■■■ ¶ 5 Our scope and standard of review in dependency cases is as follows:

[W]e must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the court's fact-finding function because the court is in the best position to observe and rule on the credibility of the parties and witnesses.

*In re C.M.T.*, 861 A.2d 348, 351 (Pa.Super.2004).

■■■ ¶ 6 As noted above, there was an order in effect directing that counsel for A.S. was to have access to the child. This order was clearly not complied with as Mother did not allow counsel for A.S. to see her. We note that "[t]o ensure a proper resolution of [a dependency petition], separate counsel should represent the child at the dependency hearing, and the hearing judge should conduct a comprehensive inquiry by receiving evidence from both interested and disinterested witnesses and should support his decision in an opinion in which he discusses and ana-

lyzes the evidence fully." *In Interest of Pernishek,* 268 Pa.Super. 447, 408 A.2d 872, 877 (1979). Here, A.S. never had any opportunity to be heard. In 42 Pa.C.S.A. §§ 6311 and 6337, A.S.' right to counsel is enumerated, and, pursuant to § 6338, A.S., as the subject of the petition and as a party, she had the right to introduce evidence, be heard on her own behalf, and to cross-examine witnesses.[2]

¶ 7 In this case, it cannot be gainsaid from the record that the trial court did not receive evidence from both sides, as Judge Dougherty's March 30, 2006 order directing counsel to have access with A.S. was clearly not followed, the trial court did not hear from the child at issue, and A.S.' rights pursuant to 42 Pa.C.S.A. §§ 6311, 6337, and 6338, were ultimately disregarded.

¶ 8 Upon review, we find that the trial court committed an error of law when it dismissed the petition. Mother's interference with A.S.' counsel's ability to see the child prevented A.S. from being heard in any fashion at a hearing regarding her own welfare. Accordingly, the order entered April 12, 2006, dismissing DHS's petition is hereby vacated, and the case is remanded to the trial court. Upon remand, the trial court is directed to order Mother to provide counsel the opportunity to consult with the alleged dependent child and to hold a dependency hearing on the aforementioned petition. The trial court may take such action as necessary to enforce compliance with its order.

¶ 9 Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

**2.** While the right to counsel may be waived, 42 Pa.C.S.A. § 6337, there is absolutely no evidence of such a waiver here.