J-S38029-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: C.S., A MINOR AND J.D., A MINOR | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: H.S., NATURAL PARENT | : : : | |
| | : | No. 316 WDA 2018 |

Appeal from the Order Entered January 16, 2018
In the Court of Common Pleas of Cambria County Domestic Relations at
No(s): CP-11-DP-0000149-2016,
CP-11-DP-0000150-2016

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED DECEMBER 14, 2018

This Court reviews sua sponte whether a child has had the benefit of statutorily-required legal representation in contested termination of parental rights matters. In re K.J.H., 180 A.3d 411, 413 (Pa. Super. 2018); In re Adoption of T.M.L.M., 184 A.3d 585, 590 (Pa. Super. 2018). Because I see no distinction that would justify this Court deviating from this practice of sua sponte review in dependency matters pursuant to the Juvenile Act, I respectfully dissent.

This case involves Mother's appeal from the January 12, 2018 order changing Children's permanency goal from reunification to adoption.[1] It

---

[1] See In re R.J.T., 9 A.3d 1179, 1183 n.6 (Pa. 2010) (explaining that a "goal change" is a term of art referring to a juvenile court's statutory duty to
(Footnote Continued Next Page)

*Retired Senior Judge assigned to the Superior Court.

does not appear from the transcript that Children, who were ages seven and three, were present at the January 12, 2018 goal change hearing, although Children were represented by a guardian ad litem (GAL), Paul Eckenrode, Esquire. The Majority notes that in In re Adoption of L.B.M., 161 A.3d 172 (Pa. 2017), our Supreme Court examined a child's right to representation in termination of parental rights hearings. Majority at 3 n.2. According to the Majority, "this Court [later] extended the requirements of L.B.M. and its progeny to [] dependency action[s]." Id. (citing In re J'K.M., 191 A.3d 907, 915 & n.9 (Pa. Super. 2018)). Observing that no party raised any issue with respect to Children's legal representation, the Majority "decline[s] to consider sua sponte whether legal counsel [in addition to Attorney Eckenrode's representation as GAL] was required for Children in this dependency proceeding." Id. The Majority further explains that in J'K.M., J'K.M.'s mother had raised before the juvenile court and this Court the issue of whether J'K.M. should receive separate legal-interests counsel and a best-interests attorney-GAL. Id. (citing J'K.M., 191 A.3d at 915 & n.9). Thus, according to the Majority, "J'K.M. did not extend that portion of L.B.M. and its progeny that requires sua sponte review of the appointment

(Footnote Continued) ────────────
"order the continuation, modification or termination of placement or other disposition which is best suited to the safety, protection and physical, mental and moral welfare of the child" at the conclusion of a permanency hearing pursuant to 42 Pa.C.S. § 6351(g)); see also 42 Pa.C.S. § 6351(f)(4) (requiring the juvenile court to determine at each permanency hearing "[t]he appropriateness and feasibility of the current placement goal for the child.").

of legal counsel." Id. Without further discussion, the Majority also opines that "there is no indication of a conflict between the best and legal interests of Children" in the instant case. Id.

First, I am compelled to address the Majority's statement that J'K.M extended the requirements of L.B.M. and its progeny to dependency actions. Respectfully, this is an oversimplification of J'K.M., the Juvenile Act, and the Rules of Juvenile Procedure.

L.B.M. examined a child's statutory right to counsel in contested termination of parental rights proceedings. In such proceedings, which often arise alongside a child's dependency matter, a child has a statutory right to counsel pursuant to the Adoption Act. See 23 Pa.C.S. § 2313(a) ("The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents."). In L.B.M., our Supreme Court interpreted subsection 2313(a) as requiring appointment of conflict-free legal counsel who advocates for a child's legal interests (i.e., the Child's preferred outcome) and follows a child's direction.[2] See id. at 180.

_____

[2] Following L.B.M., our Supreme Court held that a child's statutory right to counsel under the Adoption Act is not subject to waiver. In re T.S., 192 A.3d 1080, 1092-93 (Pa. 2018). Furthermore, the Court held that in a situation where there is no conflict between a child's best and legal interests, an attorney acting as GAL and representing a child's best interests may also represent the child's legal interests. Id. When a very young child is not capable of articulating a preferred outcome, there is no conflict between a
(Footnote Continued Next Page)

In contrast, J'K.M. involved the interpretation of the Juvenile Act and the Rules of Juvenile Procedure. See J'K.M., 191 A.3d at 910-14, (examining 42 Pa.C.S. § 6311 and Pa.R.J.C.P. 1151, 1154, 1800(3)). J'K.M., a sixteen-year-old child who had been adjudicated dependent pursuant to the Juvenile Act, testified during a permanency review hearing that she wished to continue living with her mother. J'K.M. was represented by an attorney who was acting as a GAL. Despite J'K.M.'s wishes regarding placement, the GAL advocated for J'K.M.'s removal from her mother's care and articulated reasons why the GAL believed it was not in her best interest to remain in her mother's care. Asserting that there was a conflict of interest between J'K.M.'s position and that of her GAL, the attorney for J'K.M.'s mother requested that the juvenile court appoint a separate GAL on J'K.M.'s behalf and convert the appointment of J'K.M.'s current GAL to legal counsel who represented only J'K.M.'s legal interests.[3] The juvenile court declined to do so, and J'K.M.'s mother appealed.

On appeal, the J'K.M. Court's specific task was to interpret the specific applicable provisions of the Juvenile Act and Rules of Juvenile Procedure to

(Footnote Continued) ———————————

child's legal and best interests, and appointment of an attorney-GAL satisfies subsection 2313(a). Id.

[3] For the definition of a child's legal interests, see Pa.R.J.C.P. 1154 (describing legal interests counsel as an attorney who expresses a child's wishes to the court regardless of whether the attorney agrees with the child's recommendation). Accord L.B.M., 161 A.3d at 174 (defining a child's legal interest as a child's preferred outcome in a contested termination of termination rights proceeding).

determine whether the juvenile court erred in finding no conflict of interest between J'K.M. and her GAL, and to examine the circumstances when a GAL should be disqualified from representing a child due to a conflict of interest. To assist it in this task, the J'K.M. Court found the reasoning of L.B.M. to be instructive despite the different backgrounds of the cases. J'K.M., 191 A.3d at 913-14. However, it did not just extend L.B.M. to dependency matters.

As J'K.M. describes, the laws applicable to the representation of children in dependency matters are much more detailed than subsection 2313(a) of the Adoption Act. Unlike the Adoption Act, the Juvenile Act statutorily requires the juvenile court to appoint an attorney to represent a child's legal and best interests as GAL. J'K.M., 191 A.3d at 913 (citing 42 Pa.C.S. § 6311(a) ("When a proceeding … has been initiated alleging that the child is a dependent child under paragraph (1) … of the definition of "dependent child" in section 6302 …, the court shall appoint a [GAL] to represent the legal interests and the best interests of the child. The guardian ad litem must be an attorney at law.")) (emphasis added).

> The GAL is authorized to represent both a child's legal and best interests. Id. Pursuant to [subs]ection 6311(b)(7) [of the Juvenile Act], the GAL's duties in representing a child's best interests include making recommendations to the court regarding a child's placement needs. However, under [subs]ection 6311(b)(9), the GAL is to represent a child's legal interests by determining "to the fullest extent possible," a child's wishes, if those wishes are ascertainable. Factors that must be considered when ascertaining a child's wishes, or legal interests,

are a child's age and mental and emotional condition. 42 Pa.C.S. § 6311(b)(9).[4]

_____

[4] Subsection 6311(b) provides in full as follows:

(b) Powers and duties.—The [GAL] shall be charged with representation of the legal interests and the best interests of the child at every stage of the proceedings and shall do all of the following:

(1) Meet with the child as soon as possible following appointment pursuant to section 6337 (relating to right to counsel) and on a regular basis thereafter in a manner appropriate to the child's age and maturity.

(2) On a timely basis, be given access to relevant court and county agency records, reports of examination of the parents or other custodian of the child pursuant to this chapter and medical, psychological and school records.

(3) Participate in all proceedings, including hearings before masters, and administrative hearings and reviews to the degree necessary to adequately represent the child.

(4) Conduct such further investigation necessary to ascertain the facts.

(5) Interview potential witnesses, including the child's parents, caretakers and foster parents, examine and cross-examine witnesses and present witnesses and evidence necessary to protect the best interests of the child.

* * *

(7) Make specific recommendations to the court relating to the appropriateness and safety of the child's placement and services necessary to address the child's needs and safety.

(8) Explain the proceedings to the child to the extent appropriate given the child's age, mental condition and emotional condition.

(Footnote Continued Next Page)

J'K.M., 191 A.3d at 913. Additionally, a dependency court may appoint legal counsel for a child "upon order of court," or other circumstances not pertinent to this appeal. Pa.R.J.C.P. 1151(B)(2). When a child has both a GAL and legal counsel, the GAL must represent a child's best interests and the legal counsel must represent a child's legal interests. Pa.R.J.C.P. 1151(C).

The J'K.M. Court found the following commentary to Pa.R.J.C.P. 1154 to be significant in determining whether a juvenile court should divide a child's legal representation between a best-interests-attorney GAL and a legal-interests legal counsel.

(Footnote Continued) ──────────────

> (9) Advise the court of the child's wishes to the extent that they can be ascertained and present to the court whatever evidence exists to support the child's wishes. When appropriate because of the age or mental and emotional condition of the child, determine to the fullest extent possible the wishes of the child and communicate this information to the court. A difference between the child's wishes under this paragraph and the recommendations under paragraph (7) shall not be considered a conflict of interest for the [GAL].

42 Pa.C.S. § 6311 (emphasis added). See also Pa.R.J.C.P. 1154 (setting forth substantially the same duties for a GAL in addition to specifying in subsection (7) of the rule that the GAL must also make specific recommendations to the court relating to a child's educational, health care, and disability needs). Significantly, our Supreme Court suspended Section 6311(b)(9) to the extent that it conflicts with Pa.R.J.C.P. 1151 and 1154, rules which allow "for appointment of separate legal counsel and a [GAL] when the [GAL] determines there is a conflict of interest between the child's legal interest and best interest." Pa.R.J.C.P. 1800(3); see also J'K.M., 191 A.3d at 914 (discussing the significance of the rule's suspension).

Comment: If there is a conflict of interest between the duties of the [GAL] pursuant to paragraphs (7) and (9) [relating to the duty of the GAL to make recommendations regarding placement and services and the duty of the GAL to advise the court of the child's wishes and to present whatever evidence exists in support], the [GAL] may move the court for appointment as legal counsel and assignment of a separate [GAL], when, for example, the information that the [GAL] possess gives rise to the conflict and can be used to the detriment of the child. If there is not a conflict of interest, the [GAL] represents the legal interests and best interests of the child at every stage of the proceedings. 42 Pa.C.S. § 6311(b). To the extent 42 Pa.C.S. § 6311(b)(9) is inconsistent with this rule, it is suspended. See Rules 1151 and 1800. See also Pa.R.P.C. 1.7 and 1.8.

"Legal interests" denotes that an attorney is to express the child's wishes to the court regardless of whether the attorney agrees with the child's recommendation. "Best interests" denotes that a guardian ad litem is to express what the guardian ad litem believes is best for the child's care, protection, safety, and wholesome physical and mental development regardless of whether the child agrees.

Id. at 912 (quoting Pa.R.J.C.P. 1154 cmt).

Based on the above, this Court held that the juvenile court abused its discretion in concluding that no conflict of interest existed between J'K.M.'s best interest, and her legal interest, in light of the diametrically opposed positions regarding J'K.M.'s placement. Id. at 916. This Court further held that the juvenile court erred by refusing to appoint a separate GAL to represent J'K.M. in her ongoing dependency matter and remanded for the juvenile court to appoint a new GAL to represent J'K.M.'s best interests and to direct the current GAL to represent J'K.M.'s legal interests as counsel for J'K.M. pursuant to Pa.R.J.C.P. 1151(C). Id.

- 8 -

Thus, at a minimum, the Adoption Act requires that the orphans' court appoint for each child a conflict-free, client-directed legal counsel who advocates for a child's legal interests in contested TPR proceedings. See L.B.M., supra; T.S., supra. That legal counsel could also be an attorney acting as a GAL and representing a child's best interests in a situation where there is no conflict between a child's best and legal interests. T.S., 192 A.3d at 1092-93. In dependency proceedings, on the other hand, the Juvenile Act requires that a child be provided with a GAL, who must perform certain duties specified in the Juvenile Act and the Rules of Juvenile Procedure. See J'K.M., supra; 42 Pa.C.S. § 6311(b). In the event of a conflict of interest, such as a divergence between the child's wishes under subsection 6311(b)(9) of the Juvenile Act and the GAL's recommendations under subsection 6311(b)(7), the juvenile court must separate the representation of the child, such that a child has a GAL representing the child's best interests and legal counsel representing a child's legal interests. J'K.M., 191 A.3d at 914-15. Under both statutes, the orphans' and/or juvenile court must always ensure that a child has the appropriate representation under the applicable statute and rules, requiring the court and attorney to remain cognizant of whether a conflict of interest exists that prohibits the child's attorney from representing the child in the capacity appointed. See J'K.M. 191 A.3d at 913 (stating that in the context of contested termination proceedings, "a conflict of interest analysis must be conducted to determine

whether a child's legal interests diverge from the child's best interests") (citing T.M.L.M., *supra*); *id.* at 915 (describing the "salient questions" under the Juvenile Act and Rules of Juvenile Procedure as "was there a conflict, and if so, does it require the appointment of a separate GAL?"). In short, a child cannot be represented by an attorney who has a conflict of interest under either statute. But given the different statutes and regulations involved, J'K.M. is not a simple extension of L.B.M.

With this background and clarification of the standards required for representation of children in dependency matters, I now turn to the main reason that compels me to dissent. The majority is correct that this Court did not have to confront the propriety of *sua sponte* review of compliance with subsection 6311 of the Juvenile Act and Rules 1151 and 1154 in J'K.M. because J'K.M.'s mother placed the issue squarely before this Court. *See* J'K.M., 191 A.3d at 915 n.9. Likewise, in this case, no party raises any issues regarding Children's representation. But I disagree that this means this Court should turn a blind eye.

In the termination of parental rights context, this Court has held that the right to counsel set forth at subsection 2313(a) of the Adoption Act belongs to the child, not to any other party, and appointment of counsel "is a fundamental statutory requisite to the trial court's decision." *In re E.F.H.*, 751 A.2d 1186, 1189 (Pa. Super. 2000). As this Court has explained,

> [t]he purpose of the statutory requirement … was not to create a right in [a parent]. It was not intended to benefit a contesting

parent or parents or to enhance by force of numbers the position of a contesting adult. Its purpose, rather, was to guarantee that the needs and welfare of the children would be advanced actively by an advocate whose loyalty was owed exclusively to them.

In re Adoption of N.A.G., 471 A.2d 871, 874 (Pa. Super. 1984).

In a recent case, our Supreme Court emphasized that a child's minority prevents the child from raising issues regarding his or her right to counsel himself or herself. In T.S., a child welfare agency and the children's GAL argued the children's mother had waived the issue of whether the children were deprived of their right to legal counsel by raising it for the first time on appeal. Our Supreme Court disagreed, holding that

> this particular type of alleged error is non-waivable. The statutory right under [subs]ection 2313(a) belongs to the child, not the parent. Accord [E.F.H., 751 A.2d at 1189]. There was no attorney representing solely the children's legal interests who could have raised their rights in the trial court, and the children plainly could not have done so themselves. See [K.J.H., 180 A.3d at 413] ("Child, due to his minority and lack of representation in the orphans' court, could not raise this issue himself."); cf. Pa.R.J.C.P. 1152(A)(2) (stating minors can waive counsel in dependency cases only if the waiver is knowing, intelligent, and voluntary, and the court conducts a record colloquy). We conclude, then, that the failure of any party, including [a parent], to affirmatively request separate counsel for the children cannot have constituted waiver.

T.S., 192 A.3d at 1087 (Pa. 2018).

This inability of a child to raise problems with his or her representation is what led this Court to conclude that it must address compliance with subsection 2313(a) of the Adoption Act sua sponte. See K.J.H., 180 A.3d at 413 (holding that sua sponte review of compliance with subsection 2313(a)

of the Adoption Act was required where no attorney was appointed on five-year-old child's behalf in a contested TPR proceeding); T.M.L.M., 184 A.3d at 590 (holding sua sponte review of compliance with subsection 2313(a) was required where an almost-six-year-old's legal counsel admitted she had never interviewed the child and exclusively advocated for his best interests; see also id. at 590 ("[D]ue to their minority, most children are not in a position to assess whether counsel has represented their interests effectively.").

Obviously, it is incumbent upon the juvenile court to comply with 42 Pa.C.S. § 6311 and Pa.R.J.C.P. 1151 and 1154. It is similarly the responsibility of the appointed GAL to follow the Rules of Professional Conduct and to conduct a conflict-of-interest analysis in compliance with J'K.M. However, if it is apparent from the record that these things did not happen, I see no reason why this Court should ignore these failures in the dependency context but address them sua sponte in the TPR context.

Both statutes use the mandatory term shall. Compare 23 Pa.C.S. § 2313(a) ("The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents") with 42 Pa.C.S. § 6311(a) ("When a proceeding … has been initiated alleging that the child is a dependent child under paragraph (1) … of the definition of 'dependent child' in section 6302, the court shall appoint a [GAL] to represent the legal interests and the best

interests of the child.") (emphasis added). See also Pa.R.J.C.P. 1151(D)(1) ("The court shall appoint a [GAL] or legal counsel immediately after a child is taken into protective custody and prior to any proceeding.") (emphasis added). This Court has interpreted the term "shall" in both statutes as being mandatory, not permissive. See E.F.H., 751 A.2d at 1190 (interpreting the word shall in subsection 2313(a) of the Adoption Act as being "mandatory" and "serving as a direction to the court to appoint counsel."); In re A.S., 936 A.2d 1094, 1097 (Pa. Super. 2007) (holding that child had been denied right to counsel and opportunity to be heard where juvenile court dismissed dependency petition even though child's parent had denied child's court-appointed counsel access to child prior to the hearing); In re A.L., 779 A.2d 1172, 1176-77 (Pa. Super. 2001) (vacating order adjudicating children dependent because, inter alia, "there [was] no evidence the children were appointed counsel as required by the Juvenile Act's section 6311").

Moreover, both statutes affect significant rights for children. While a termination of parental rights proceeding is clearly the more serious due to its permanent and irrevocable nature, one cannot deny that dependency proceedings also substantially impact children's lives, and may result an intrusion by the state into the family; removal from parents; placement in kinship care, foster care, or congregate care; and significant oversight of the children's education, health, safety, and welfare. See 42 Pa.C.S. § 6351

(relating to the juvenile court's broad authority to enter orders of disposition regarding dependent children).

This is all the more amplified in the instant case, as the type of hearing at issue is a goal change hearing, where CYS sought to change Children's permanency goal from reunification with Mother to adoption.[5] As this Court has observed, "[c]hanging the goal to adoption does not terminate the [] parents' rights, although it is a step in that direction." In re M.B., 674 A.2d 702, 705 (Pa. Super. 1996). Not only does changing the goal propel the dependency matter towards termination of parental rights, it changes the standard for the court's discretion in controlling a child's visits with parents, which often results in reduced visitation and a weakened bond. See In Interest of M.B., 674 A.2d 702, 705–06 (Pa. Super. 1996).

---

[5] In this case, the goal change hearing was held independently of and prior to any hearing to terminate Mother's rights in the orphans' court. This is somewhat rare in most counties, as many counties hold goal change hearing in the dependency matter simultaneously with termination hearings in the adoption matter.

As a side note, in my view, nothing in L.B.M. or T.S. prohibits the orphans' court from appointing a GAL to represent a child's best interests in a contested termination of parental rights hearing in addition to a child's legal counsel representing a child's legal interests. While this may be cost-prohibitive in some counties, the orphans' court, in its discretion, may find it beneficial to hear advocacy from a GAL, particularly where the GAL has longstanding familiarity with the child and/or the case is especially complex with competing considerations. Furthermore, because the Juvenile Act requires that a child be represented in all dependency matters by a GAL, including goal change hearings, it may make sense for the orphans' court to appoint the child's dependency GAL to represent a child's best interests in the contested TPR matter when the hearings are held simultaneously.

"Children ... deserve to have the benefit of effective representation, particularly when a matter as important as their future relationship with a biological parent is at stake." T.M.L.M., 184 A.3d at 590 (citation omitted).

It is axiomatic that a child is no more able to raise issues relating to his or her representation in dependency matters than the child is in termination matters. Thus, in my view, this Court should examine sua sponte whether a child received his or her right to representation in accordance with the Juvenile Act and Rules of Juvenile Procedure for all of the same reasons the Court examines a child's representation sua sponte in termination matters.

As noted above, the Majority concludes in the instant case that there is no indication of a conflict between the best and legal interests of Children. Majority at 3 n.2. It is difficult to understand how the Majority arrives at that conclusion, because the record does not reveal much of anything regarding Children's legal interests. In fact, the testimony at the goal change hearing scarcely mentioned Children at all.[6] The CYS caseworker merely testified that Children "are currently doing very well," and briefly mentioned the need for Children to be in separate foster homes, C.S.'s normal development, and J.D.'s "behavioral issues" and "mental health

---

[6] This is all the more concerning because "[i]n considering a goal change, 'the best interests of the child, and not the interests of the parent, must guide the trial court, and the parent's rights are secondary.'" In Interest of N.M., 186 A.3d 998, 1006 n. 19 (Pa. Super. 2018) (citation omitted).

needs" requiring counseling without further elaboration. N.T., 1/12/2018, at 4-5. Children's GAL, Attorney Eckenrode, did not present any witnesses, cross-examine any witnesses, present the Children's testimony, request the Children to be excused from the hearing for good cause, "[a]dvise the court of [Children's] wishes to the extent that they can be ascertained," "present to the court whatever evidence exists to support [Children's] wishes," or otherwise indicate that he was abiding by the duties set forth in subsection 6311(b).[7] Thus, not only is it unclear whether separate legal counsel was appropriate, it is apparent from the face of the record that Attorney Eckenrode failed to perform his GAL duties in accordance with subsection 6311(b). While at age three C.S. may have been too young to express a preferred outcome, Attorney Eckenrode still was tasked with determining "to the fullest extent possible the wishes of [C.S.] and communicat[ing] this information to the court." 42 Pa.C.S. § 6311(b)(7). At a minimum, Attorney Eckenrode should have acknowledged C.S.'s young age prevented him from determining C.S.'s wishes. Moreover, at age seven, J.D. was likely capable of communicating at least some wishes to Attorney Eckenrode.

---

[7] Attorney Eckenrode also did not file a brief on appeal or join the brief of another party. In termination of parental rights matters, this Court has been firm that counsel's duty to a child does not stop at the conclusion of the hearing. T.M.L.M., 184 A3d at 591 (citing In re Adoption of J.L., 769 A.2d 1182 (Pa. Super. 2001) and In re M.T., 607 A.2d 271, 276 (Pa. Super. 1992)). Again, I see no distinction in dependency matters that would justify a GAL or legal counsel's failure to file a brief on appeal.

According, I would vacate the goal change order and remand the matter to the juvenile court so that Attorney Eckenrode may perform his GAL duties, including ascertaining Children's legal interests and conducting a conflict-of-interest analysis, and for the juvenile court then to conduct a new goal change hearing.[8]

---

[8] In the juvenile court's discretion, such hearing may incorporate the testimony at the prior hearing.